FILED SEP 09 2020 — CLERK CIRCUIT COURT

FILED JUL 15 2020 — Clerk of the Circuit Court

IN THE CIRCUIT COURT FOR THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

DOMINIC ALAN DIMAIO; et al
    Petitioner(s)

VS

JACKSONVILLE SHERIFF'S OFFICE; (DEPARTMENT OF CORRECTIONS); et al.
    Defendant(s)

Civil Case No.: 2020-CA-5107 CV-H
(TO BE DETERMINED)

Associated Case
19-CF-12761A

## PETITION FOR TEMPORARY INJUNCTION

COMES NOW Dominic Alan DiMaio, Pro Se and pursuant to Fl. R. Civ. Proc. Rule 1.610 and respectfully moves this Honorable Court to Petition for a Temporary Injunction against the above-styled Defendant(s). The Petitioner asserts his prima facie case as:

### FACTS

1) The Petitioner is currently a detainee awaiting trial at the pre-trial detention facility (P.D.F.) operated by Jacksonville Sheriff's Office (Dept of Corrections).

(1)

2) The Petitioner is a Pro Se Defendant in his current criminal case for Jacksonville in the associated case mentioned in the above-styled cause, and, the Department of Corrections Defendant(s) are responsible for the needs of the Petitioner and are liable for constitutional rights for the Petitioner.

3) The Petitioner has exhausted all administrative grievance systems for remedy for the issues contained in this Petition, and, if the Court finds merit should issue a temporary injunction for immediate solution and later a permanent injunction if it finds the Defendants are in fact violating Florida and Federal Constitutional rights and laws.

4. The Petitioner incorporates items 1 through 3 in aforementioned facts and states the following items mentioned are causing irreparable and irreversable harm to the Petitioner, and, without this Court's intervention will harbour a travesty of injustice to the Petitioner(s) and violate his Constitutional Right(s) and cause a unfair trial to the Petitioner for his Pro Se Case. The following items mentioned are:

(2)

A. On June 22nd of 2020 (or about that time/date) the P.D.F. jail restricted and quarantined all inmates at its facility and began certain protocols unknown to the Petitioner.

B. The facility suspended ALL access to the law library, even to Pro Se Defendants such as the Petitioner who are preparing for trial. Facility is denying Pro Se supplies.

C. The facilities request/grievance system (electronic system via electronic tablet) has numerous departments available for inmates to request or grieve their issues including the law library, however, after the "quarantine" began an (unknown) Administrator suspended the law library department section from the request/grievance system. This is a willful and wanton disregard for the Petitioner(s) and other detainees (6th amendment right) for access to the Courts. (As a side note paper requests & grievances were still available but no one ever responds to them.... hence the reason the electronic system was implemented). Suspending the department on the tablet makes it impossible for a detainee to obtain legal research, material(s) or supplies.

(3)

D. The same time the quarantine began the facility suspended ALL commissary supplies. To some detainees that are indigent, this is the only delivery method approved to receive an indigent kit (two pieces of writing paper, one "golf" pencil (no eraser) and one pre-stamped envelope). At this time to our knowledge (and a message received on Kiosk) the commissary has been suspended until "further notice". No further instruction has been given to when it will be returned. (1st Amendment violation)

E. On July 7th the Petitioner filed a Petition for Writ of Habeas Corpus and incorporates that Petition with this Injunction Petition for one of the claims in that Petition. A document in the Habeas Corpus is addressed to "Internal Affairs" who never responded. In that complaint it alleges misconduct that can be proved if the Court preserves video footage to support it's claims. That footage is only maintained for approximately 30 days and an immediate order is necessary or due process should fail for the Petitioner. This Court has authority to place such order. See Vancas v State 377 So 2d 1000 (4th DCA 1979)

(4)

E.(Continued) Without having to revisit the Petition for Writ of Habeas Corpus, the Petitioner claims his privledged mail is being intercepted, stolen and distributed without it's contents without proper due process of law. The J.S.O. (D.O.C.) mail employees policy is when mail is denied (or it's contents are sensored and taken), not only should the privledged mail be opened in front of the inmate (so they can witness was is being taken) but the inmate is to be given a <u>denied</u> mail correspondence to petition redress of grievances according to the 1st Amendment. The mail employee (officer Kirkland) took out contents (priviledged mail from Nassau County Sheriffs office in reply to the Petitioner, and Pro Se litigant requesting a signal code sheet with disposition code decypher sheet needed to understand codes used in his criminal case for a call for service report issued by the State Attorney as discovery).

After officer Kirkland took the contents out she gave the remaining mail contents (already open) to a sentenced trustee to deliver inside the "pod" and walk up stairs to give to inmate "DiMaio".

(5)

E. (Continued) Inmate DiMaio had this happen one time before and this was his second time contacting Nassau County Sheriff's office for the "code signal sheet".

The mail room department received a grievance about this "theft" of contents sent by inmate DiMaio. Sergeant Gartrell visited inmate DiMaio, admitted his officer took the contents without anyone present and concluded it's contents as contraband. Inmate DiMaio expressed his grievance validity, however, Sgt. Gartrell left open the grievance and will not printout the grievance (another request was put in about that!) or allow the "appeal" option to grieve to his Luitenent. (1st, 5th and 14th Amendment; right to petition redress of grievances, due process)

## ARGUMENTS

(IN CHRONOLOGICAL ORDER TO FACTS)

As a detainee the Petitioner(s) relies on the Officers to oversee and protect his rights, that in this Petition claims to be violated, and without proper duty(s) fulfilled is

(6)

a demonstration of a failure by the system to protect them. If simple duties to maintain the basic constitutional rights fail, it is only fair to ask this Honorable Court to either intervene or release a prisoner on their own recognizance due to the failures caused by the Governmental agency responsible.

At a time so critical as now, it is even more important to remember the oaths taken to citizens held against their will and not found guilty of any charges as of yet. With Speedy trial(s) suspended and the jail at minimal capacities to protect its detainees, it is even more vital to maintain a fair adversarial process to its inmates. The oaths taken by the officers involved are not only being broken, but are being broken willfully and with wanton disregard to their detainees or their families, or even more important to people who represent themselves due to failed counsel that was discharged or resigned, such as Mr. DiMaio. (Pro Se inmate)

(7)

Inmate DiMaio is accompanied by at least 2 other inmates who cannot even get printouts of the grievances filed at the P.D.F.. The printouts are necessary to conform with the P.L.R.A.(Prison Litigation Reform Act).

Exhaustion of administrative remedy is encompassed with this Petition, however, the Petitioners cannot demonstrate or exhibit the issues incorporated in this Petition without printouts, which are being denied.

With this Courts help the Petitioner(s) can appeal to you for an Order to the Department of Corrections for Jacksonville Sheriffs Office to comply, and printout the grievances and requests (all of them) so the Petitioners can properly exhibit claims. Even more it is imparitive that the Court order the D.O.C. for J.S.O. to preserve the video for inmate DiMaio. (Since Internal Affairs won't respond).

Finally the Petitioner has asked for reasonable Pro Se Supplies (paper pads, pencils w/erasers, pens, etc.)

(8)

Lastly the Petitioners argue that without commissary or the law library their is no possibility for an indigent inmate to contact their friend, family or (like in inmate DiMaio's situation) his counsel (stand-by). Supplies are needed for preparation & trial

### PRAYER FOR RELIEF

1) An Order for a temporary injunction ensueing all employees of the D.O.C. for the J.S.O. immiediately un-suspend the request/grievance systems suspended (such as the law library. (or permanent injunction) via electronically.

2) An Order for all inmates in this Petition a temporary injunction and demand the D.O.C. printout the requests and grievances for those inmates found at the footer of this Petition.

3) An Order for a temporary injunction reinstating access to law library (even if it is limited, some access is not a complete denial) against the D.O.C. for the J.S.O., and supply Pro Se defendants with supplies for trial.

4) An order for a temporary injunction to investigate (through Internal affairs) the mail —

(9)

claims alleged in inmate DiMaio's issues and return any privledged material by the mail room department. And Order the D.O.C. to preserve film footage of theft. On or about June 17th 2020

5) An order for a temporary injunction against the Internal Affairs department of the Jacksonville Sheriffs Office to perform their duties for inmate DiMaio.

The Petitioners incorporate items one through five in the Prayer for Relief and appeal to this Court for such relief, and any other Orders it deems fair or necessary.

WHEREFORE the Petitioners Pray this Honorable Court will hear it's pleas during this desperate time, and a time the nation is calling out for proper justice and revisions of our foundations and fundamental systems. The jails are no longer a place to hold innocent citizens, it's become a dungeon where our voice is chastised and we are looked upon as guilty before we get a fair trial. We pray for at least the opportunity to prove merit of these claims.

(10)

## CERTIFICATE OF SERVICE

I HEREBY DECLARE that a true and correct copy of this document was hand-delivered to a J.S.O. officer (O.O.C.) to be mailed to the following parties:

1. Jacksonville Sheriff's office; Dept. of Corrections
2. Jacksonville Sheriff's office; Mike Williams

## UNNOTARIZED OATH

"Under Penalty of perjury I hereby declare I have read the foregoing and the facts stated in them to be true to the best of my knowledge"
FL. STAT. § 92.525

Respectfully Submitted  Docket # (2019032996)
(Prepared by Pro Se litigant) DOMINIC DIMAIO
DATED: 7/10/2020                          x [signature]

Witness & Inmate: Docket # (2020001345)
                            ROBERT CASTENGERA
                          x [signature]

Witness & Inmate:  ROBERT ADOAIR
               Docket # (2019026032)
                          x [signature]

(11)